**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4267

KENNETH O'NEIL ROUSE, a/k/a Neal,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-95-196)

Submitted: December 26, 1996

Decided: February 26, 1997

Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth C. Krawcheck, Charleston, South Carolina, for Appellant.
J. Rene Josey, United States Attorney, Ben A. Hagood, Jr., Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Kenneth O'Neil Rouse of attempted bank robbery in violation of 18 U.S.C. § 2113(a) & (d) (1994) and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (1994). Rouse appeals only the district court's application of a two-level physical restraint enhancement in calculation of his sentence. The district court applied the enhancement pursuant to USSG § 2B3.1(b)(4)(B) (Nov. 1994). Finding no error, we affirm.

Rouse does not contest the factual findings made by the district court. We review purely legal issues, such as the interpretation of the guidelines, on a near de novo basis. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). The robbery guideline provides for a two-level enhancement "if any person was physically restrained to facilitate commission of the offense or to facilitate escape." USSG § 2B3.1(b)(4)(B).

The commentary to § 2B3.1 contains two statements regarding physical restraint. Application Note 1 states that the term "physically restrained" is defined in commentary to § 1B1.1, which is the general definitions section of the Guidelines. In that section, physically restrained "means the forcible restraint of the victim such as by being tied, bound, or locked up." USSG § 1B1.1, comment. (n.1(i)) (emphasis added). The background commentary to USSG § 2B3.1 also discusses physical restraint. It states that "[t]he guideline provides an enhancement for robberies where a victim was forced to accompany the defendant to another location, or was physically restrained by being tied, bound, or locked up." USSG § 2B3.1, comment. (backg'd) (emphasis added). The definitions are somewhat different because the definition in the definition section uses "such as" and the commentary states "restrained by being tied, bound, or locked up."

Rouse argues that the language in the background to § 2B3.1 should be used because it is more restrictive. Using that definition, Rouse argues that the enhancement should not be applied because he did not tie up, bind, or lock up the victim. This court has examined whether the definition of physical restraint in § 1B1.1 is limited to the

2

examples of being tied, bound, or locked up. In United States v. Stokley, 881 F.2d 114 (4th Cir. 1989), this court held that the definition is not all inclusive and that the enhancement may be applied when other forms of restraint are used. Stokley , 881 F.2d at 116. Because § 2B3.1 specifically refers to § 1B1.1 for the definition of physically restrained, we find that analysis under that section is proper. See USSG § 2B3.1, comment. (n.1).

Rouse does not contest the facts found by the district court regarding the force used against the victim. The district court found that the victim was thrown down, had Rouse lying on top of him, a gun pointed at him, and that he was physically held. This course of conduct was enough to qualify for application of the physical restraint enhancement.

Rouse's second argument against application of the enhancement is that the force used against the victim does not meet the definition of physical restraint because it was a momentary or brief holding. Rouse relies upon United States v. Mikalajunas , 936 F.2d 153 (4th Cir. 1991), to support his position. In Mikalajunas, the defendant chased, caught, and stabbed to death his victim. The court held that the victim had not been physically restrained because the brief holding during the stabbing was already encompassed in the murder guideline. Mikalajunas, 936 F.2d at 156. We noted, however, that the duration of restraint is a critical factor in applying the enhancement. Id.

The evidence at trial included a videotape showing much of the robbery. The district court found that several minutes elapsed while the victim was under the control of Rouse and his co-defendant. The force Rouse used to restrain the victim was neither brief nor momentary. It was not significantly similar to the situation in Mikalajunas. We therefore find that this argument is without merit.

Finally, Rouse argues that it was improper to apply the enhancement because the restraint was also an element of the crime. Rouse was charged with and convicted of attempting to rob the bank by force, violence, and intimidation, and assaulting and putting in jeopardy the life of another by the use of a firearm. While the language of the bank robbery statute and Rouse's indictment uses the terms

3

force and violence, those terms do not have the same meaning as physical restraint and therefore physical restraint is not a contemplated element of the offense.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4